EASTERN DIST.
June, 1835.

**FOLLIN vs. FOUCHER ET AL.**

APPEAL FROM THE PARISH COURT, FOR THE PARISH AND CITY OF
NEW-ORLEANS.

8L 563
108 471

*Where a juror is discharged and another one substituted and sworn in his
place, after the trial has commenced and part of the evidence introduced,
the plaintiff is entitled to open his case again to the jury and the trial to
proceed de novo.*

This is an action instituted by the plaintiff against the
defendants A. Foucher and M. Andry, as endorsers on the
following promissory note :

"*Le quinze Mai prochain je payerai à l'ordre de Mr. A.
Foucher, à la Banque Consolidée, cinq mille piastres, valeur
reçue.*"

"*Nouvelle-Orléans, le 2 Novembre* 1833."

"A. FOUCHER, Jr.

Endorsed. "A. Foucher," Manuel Andry, Ch. Follin."

The defendants Foucher and Andry severed in their
answers, but both of them disavowed their signatures on
the back of the note, and averred they were forged and
counterfeited.

The plaintiff filed a supplemental petition, alleging that
the endorsement of M. Andry is genuine, but even if proved
not to be genuine, said Andry is liable, because he well knew
that Antoine Foucher, Jr., was in the habit of forging
endorsements in his (Andry's) name on notes drawn by him,
and that he, the said Andry, permitted this use to be made
of his name.

Upon these pleadings the parties went to trial. The
cause was put before a jury and after it had proceeded and
a portion of the testimony introduced, one of the jurors was
discharged by order of the court for cause shown on record,

EASTERN DIST.
June, 1835.

FOLLIN
vs.
FOUCHER ET AL.

and another substituted in his place and sworn. The plaintiff's counsel insisted on opening the case *de novo*. The court refused, and ordered the testimony which had been taken down to be read to the jury; allowing, however, if preferred by the parties, the witnesses who were still in court, to be re-examined *viva voce* by the party who introduced them. The plaintiff's counsel excepted to the opinion and decision of the court. The trial proceeded to its close, when the jury returned a verdict for the defendants. From judgment rendered thereon, the plaintiff appealed.

*J. Slidell,* for plaintiff and appellant.

1. The judge erred in discharging the juror under the circumstances stated in the bill of exceptions. Having been sworn without objection, examination or challenge, he could not be discharged without the consent of both parties. *Code of Practice, article* 499, 507, 509 514, 515. 3 *Bacon's Abr.* 764. 7 *Cranch,* 290. 4 *Blackstone's Commentaries,* 346. 2 *Bay's Rep.,* 150.

2. The judge erred in compelling plaintiff to submit the testimony which had been taken before the juror was withdrawn; he should have been permitted to commence his cause *de novo*. A jury is in its nature one and indivisible. Any change in its constitution by the substitution of a different individual for a juryman withdrawn, renders it a new jury.

3. The testimony shows conclusively, that the defendant knew that his endorsement had been forged by Foucher, at a period anterior to that at which plaintiff became possessed of the note sued on, and that when applied to for the purpose of discounting it, he gave no intimation of the fraud. His silence under these circumstances was a fraud, which renders him responsible for the debt. *Louisiana Code, article* 2294–5, 2307. 11 *Toullier, page* 157, 214, 259. 9 *Ibid.,* 270–1. 6 *Ibid.,* 90–1.

*De Armas* and *Soulé, contra.*

*Martin, J.*, delivered the opinion of the court.

In this case, after the trial had proceeded before the jury, and part of the evidence had been received, a juror was discharged and another one substituted and sworn in his place. The plaintiff's counsel insisted on opening the case again, but the court refused to permit him to do so, and a bill of exception was taken.

We are clearly of opinion that the court should have suffered the counsel to open the case. What had preceded the swearing in of the last juror was a mis-trial. As soon as he was sworn the trial began *de novo* and ought to have been commenced by the plaintiff's counsel opening his case to the jury. *Code of Practice,* 476, 546.

It is, therefore, ordered, adjudged and decreed, that the judgment of the Parish Court be annulled, avoided and reversed, the verdict of the jury set aside, and the case remanded for further proceedings according to law; the defendants and appellees paying the costs of the appeal.

*Eastern Dist.*
*June,* 1835.

Where a juror is discharged, and another one substituted and sworn in his place, after the trial has commenced, and part of the evidence introduced, the plaintiff is entitled to open his case again to the jury, and the trial to proceed *de novo.*